UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HANNIBAL ABDULLAH-EL,

    Plaintiff,

v.

WASHINGTON STATE PENITENTIARY, WASHINGTON CORRECTIONS CENTER,

    Defendants.

CASE NO. C15-5250 RJB-KLS

ORDER TO SHOW CAUSE OR TO AMEND

Plaintiff Hannibal Abdullah-El filed this civil rights complaint under 42 U.S.C. § 1983 *pro se* and *in forma pauperis.* Plaintiff, who is no longer incarcerated, alleges that after he was convicted in 1997, he was incorrectly classified at the Washington Corrections Center (WCC) as maximum security and wrongfully imprisoned at the Washington State Penitentiary (WSP). Dkt. 4.

Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915(e), the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by **May 29, 2015,** to cure the deficiencies identified herein.

## DISCUSSION

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to state a claim for relief under 42 U.S.C. §

1  1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the
2  Constitution or created by federal statute, and (2) the violation was proximately caused by a
3  person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.
4  1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right
5  allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy this second prong,
6  a plaintiff must allege facts showing how individually named defendants caused, or personally
7  participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350,
8  1355 (9th Cir. 1981).

9  Plaintiff brings this suit under 42 U.S.C. § 1983 and claims "unlawful incarceration (Title
10 6)." Dkt. 4-1, p. 1. He alleges that in 1997, he was sentenced in Spokane County Court to 51
11 months imprisonment. He states that he was incorrectly classified as "maximum security" at
12 WCC and as a result, was sent to WSP, which placed his life and liberty in jeopardy. He seeks
13 $100,000.00 in monetary damages and to have his conviction removed from his record or in the
14 alternative, to have his conviction "sealed." Dkt. 4, pp. 2-3. Plaintiff's complaint suffers from
15 deficiencies that, if not corrected in an amended complaint, require dismissal.

16 **A.     Proper Defendants**

17 Plaintiff names only the WCC and WSP as defendants but these entities are not proper
18 defendants in this action. Neither a state nor its officials acting in their official capacities are
19 "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S.
20 58, 71 (1989). States and state agencies are immune from suit in federal court under the
21 Eleventh Amendment unless a state expressly waives its constitutional immunity. *Alden v.
22 Maine*, 527 U.S. 706 (1999). The State of Washington has not waived its Eleventh Amendment
23 immunity. *Whiteside v. State of Washington*, 534 F.Supp. 774 (E.D. Wash. 1982). Therefore,
24

ORDER TO SHOW CAUSE OR TO AMEND- 2

1  the WSP and WCC are immune from suit. *See e.g., Banks v. Washington*, 2009 WL 3831539
2  (W.D. Wash. 2009) (Western State Hospital is an improper § 1983 defendant).
3  Therefore, Plaintiff must name specific individuals as defendants and must allege in more
4  specific terms who harmed him and how that harm violated a specific constitutional right.
5  However, even if Plaintiff is able to name a viable defendant, his complaint remains deficient
6  because there is no constitutionally protected right to a classification status and furthermore, his
7  claims appear to be untimely.

**B.     No Constitutional Right to Classification**

The Supreme Court has routinely held that federal prisoners have no constitutionally protected right to classification status pursuant to the Fourteenth Amendment. *See, e.g. Camarena v. Adams*, 11 Fed.Appx. 789, 790 (9th Cir.2001); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). The Eighth Amendment similarly provides no such protection, since "the mere act of classification does not amount to an infliction of pain." *Myron v. Terhune*, 476 F.3d 716, 719 (9th Cir.2007). The Ninth Circuit applied this to Washington state prisoners, holding that they too have no constitutional right to classification status. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987).

Therefore, Plaintiff has not demonstrated a deprivation of a constitutional right giving rise to a 42 U.S.C. § 1983 claim regarding his prisoner classification status. Plaintiff states that the allegedly erroneous classification placed his "life and liberty in jeopardy" but he provides no factual allegations to support this claim. In this regard, Plaintiff is advised that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). If a prison official shows "deliberate indifference" to an inmate's health or safety, he will be in violation of this amendment. *Farmer v. Brennan*, 511 U.S. 824, 834 (1994). "Deliberate indifference"

requires more than ordinary lack of due care for an inmate's safety.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  It can be equated to recklessly disregarding a known risk of serious harm to an inmate.  *Farmer*, 511 U.S. at 836.  "[The] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.

To the extent Plaintiff seeks to pursue an Eighth Amendment conditions of confinement claim, he must provide facts describing who caused him harm, when such harm was caused, and what constitutional right was violated by the conduct.

**C.     Statute of Limitations**

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used.  In Washington, a plaintiff has three years to file an action.  *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2).

Federal law determines when a civil rights claim accrues.  *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999).  A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.  *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).  Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  See *Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir.1984).

From the allegations stated in Plaintiff's complaint, it appears that he had actual notice in 1997 of the facts relating to the claims he seeks to pursue in this action.  Therefore, his claims are not timely and he should show cause why they should not be dismissed.

**D.	Removal of Conviction**

In his prayer for relief, Plaintiff seeks monetary damages and to have his "conviction removed from record (and/or sealed if the aforementioned is not possible)." Dkt. 4, p. 3.  This claim is not cognizable in a Section 1983 action in light of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  When a state prisoner brings a § 1983 action for damages or injunctive relief, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, sentence, or confinement. *Id*. at 487-90. "[I]f it would, the complaint must be dismissed," unless the plaintiff can demonstrate that the conviction or confinement has already been invalidated, expunged, or otherwise impugned. *Id.* at 487; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997).  Plaintiff may not bring a § 1983 action seeking "removal" of his criminal conviction.  His proper remedy lies in a habeas corpus petition (or its equivalent) not a § 1983 complaint. *See Butterfield*, 120 F.3d at 1024.

Plaintiff states that he was sentenced in 1997 but does not allege that he ever successfully challenged his allegedly "unlawful incarceration" in state court.  Plaintiff must show cause why this claim should not be dismissed.

**E.	Title VI**

Plaintiff refers to Title 6 on the Civil Cover Sheet filed with his complaint. Dkt. 4-1, p. 1. However, he pleads no facts within his complaint to support such a claim.  Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.

ORDER TO SHOW CAUSE OR TO AMEND- 5

1 § 2000d. Private individuals may sue to enforce Title VI only in instances of intentional

2 discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 279-84 (2001). The entity involved must

3 be engaged in intentional discrimination and be the recipient of federal funding. *Rodriguez v.*

4 *California Highway Patrol*, 89 F.Supp.2d 1131, 1139 (N.D.Cal.2000). To maintain a private

5 right of action under Title VI, a plaintiff must prove that he was victimized by a "program or

6 activity" that received federal funds. *Buchanan v. City of Bolivar*, Tennessee, 99 F.3d 1352,

7 1356 (6th Cir.1996). There must be a nexus between the alleged discriminatory conduct and the

8 specific program to which federal funds were directed. *David K. v. Lane*, 839 F.2d 1265, 1275-

9 76 (7th Cir.1988).

10 Nowhere in his complaint does Plaintiff allege intentional discrimination by an entity,

11 program, or activity receiving federal funding. Plaintiff must show cause why this claim should

12 not be dismissed.

13 If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

14 amended complaint and within the amended complaint, he must write a short, plain statement

15 telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

16 person who violated the right; (3) exactly what that individual did or failed to do; (4) how the

17 action or inaction of that person is connected to the violation of Plaintiff's constitutional rights;

18 and (5) what specific injury Plaintiff suffered because of that person's conduct. See *Rizzo v.*

19 *Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

20 Plaintiff shall present the amended complaint on the form provided by the Court. The

21 amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original

22 and not a copy, it should contain the same case number, and it may not incorporate any part of

23 the original complaint by reference. The Court will screen the amended complaint to determine

24 whether it contains factual allegations linking each defendant to the alleged violations of

1  Plaintiff's rights. The Court will not authorize service of the amended complaint on any

2  defendant who is not specifically linked to the violation of Plaintiff's rights.

3      If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned

4  that if the amended complaint is not timely filed or if he fails to adequately address the issues

5  raised herein on or before **May 29, 2015**, the Court will recommend dismissal of this action as

6  frivolous pursuant to 28 U.S.C. § 1915.

7      **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

8  **1983 civil rights complaint and for service. The Clerk is further directed to send copies of**

9  **this Order and Pro Se Instruction Sheet to Plaintiff**.

10     **DATED** this 23rd day of April, 2015.

                                            Karen L. Strombom
                                            United States Magistrate Judge