UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HANNIBAL ABDULLAH-EL,<br><br>                 Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE PENITENTIARY,<br>WASHINGTON CORRECTIONS CENTER,<br><br>                 Defendants. | No. C15-5250 RJB-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: June 19, 2015** |

Plaintiff Hannibal Abdullah-El is proceeding pro se and in forma pauperis. Plaintiff is no longer incarcerated. He alleged in his original complaint that after he was convicted in 1997, a WCC counselor incorrectly calculated his points and instead of being classified as a medium security inmate and sent to a medium security prison, he was sent to the Washington State Penitentiary (WSP). *Id.* Plaintiff also filed motions for service (Dkt. 7) and for the appointment of counsel (Dkt. 8)[1]. After reviewing and screening Plaintiff's complaint, the Court declined to serve it because it was deficient, but granted Plaintiff leave to file an amended complaint. Dkt. 4.

---

[1] Plaintiff's April 20, 2015 filings are out of order on the Court's docket due to a docketing error. Thus, the original complaint (Dkt. 6) appears after the Court's Order to Show Cause or Amend (Dkt. 4). The Clerk is directed to send a copy of the docket to Plaintiff along with this Report and Recommendation so that there is no confusion.

REPORT AND RECOMMENDATION - 1

On May 19, 2015, Plaintiff filed a response to the Court's Order entitled "Amended Complaint," which fails to restate his claims in their entirety and consists largely of Plaintiff's argument that his claim is viable. Dkt. 5. The amended complaint is also deficient. The undersigned recommends that this action be dismissed and all pending motions denied as moot.

**DISCUSSION**

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy this second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

In his original complaint, Plaintiff alleged "unlawful incarceration (Title 6)." Dkt. 6, p. 1. He alleged that in 1997, he was sentenced in Spokane County Court to 51 months imprisonment, but that he was incorrectly classified as "maximum security" at WCC and was sent to WSP, which placed his "life and liberty in jeopardy". He seeks $100,000.00 in monetary damages and asks the Court to remove his conviction from his record or in the alternative, to have his conviction "sealed." *Id.*, pp. 2-3. Plaintiff was advised that the WCC and WSP are not proper defendants to a Section 1983 action, that he has no constitutionally protected right to a

REPORT AND RECOMMENDATION - 2

classification status, that his claims appeared untimely, that his prayer to have his conviction removed is barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), and that he failed to state a claim under Title VI. Dkt. 4, pp. 2-6.

In his amended complaint, Plaintiff states that he does not know the name of the WCC employee who incorrectly calculated the points that led to his allegedly improper classification, that he only recently became aware of his "recourse via the district court," and that because he is no longer incarcerated, filing a habeas corpus petition is not appropriate or necessary. Dkt. 5.

**A.    Proper Defendants**

Plaintiff was advised that the WCC and WSP are not proper defendants in this action. Neither a state nor its officials acting in their official capacities are "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). States and state agencies are immune from suit in federal court under the Eleventh Amendment unless a state expressly waives its constitutional immunity. *Alden v. Maine*, 527 U.S. 706 (1999). The State of Washington has not waived its Eleventh Amendment immunity. *Whiteside v. State of Washington*, 534 F.Supp. 774 (E.D. Wash. 1982). Therefore, the WSP and WCC are immune from suit. *See e.g., Banks v. Washington*, 2009 WL 3831539 (W.D. Wash. 2009) (Western State Hospital is an improper § 1983 defendant).

Plaintiff was advised that he must name specific individuals as defendants and must allege in more specific terms who harmed him and how that harm violated a specific constitutional right. In his amended complaint, Plaintiff states that the individual who caused him harm was a counselor at WCC and that he does not know the name of this counselor. Dkt. 5, p. 1. Without at least one named defendant, this Court cannot serve the complaint. Moreover,

REPORT AND RECOMMENDATION - 3

as Plaintiff was previously advised, even if he were able to name a viable defendant, he has no constitutionally protected right to a classification status.

**B.       No Constitutional Right to Classification**

In his original complaint, Plaintiff stated that the allegedly erroneous classification placed his "life and liberty in jeopardy" but he provided no factual allegations to support this claim. The Court advised Plaintiff that he has no constitutional right to a particular classification status. Dkt. 5, pp. 3-4.  However, the Court also advised Plaintiff that if he intended to pursue an Eighth Amendment conditions of confinement claim based on his incarceration at the higher custody level, he could file an amended complaint to provide facts as to how he was harmed. *Id.*  In his amended complaint, Plaintiff states only that his "prima facie evidence" is that his "51 month sentence and miscalculated points caused him to be sent to Walla Walla Maximum Security Prison". Dkt. 5, p. 2.  Plaintiff states that he was harmed at the time his points were miscalculated in 1997 and he was placed in a maximum custody facility. *Id.*, p. 4.

Prisoners have no federal due process right to a particular classification score. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987), *citing Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (no constitutional right to particular classification).  Nor is such a right created by Washington state law.  See *In re Dowell*, 100 Wash.2d 770, 773–74 674 P.2d 666, 668 (1984) (en banc)( a state prisoner does not have a liberty interest in a particular classification status).

Plaintiff has failed to state a viable § 1983 claim with regard to his classification status and therefore, his complaint should be dismissed.  Plaintiff was also ordered to show cause why this claim should not be dismissed as time-barred and why his requested relief – that the court "remove" his conviction – was not barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).  Because

REPORT AND RECOMMENDATION - 4

the Court finds that the amended complaint may be dismissed because Plaintiff has failed to state a viable § 1983 claim for an alleged erroneous classification status, the Court need not reach these issues.

## CONCLUSION

This case should be **dismissed without prejudice for failure to state a claim** and all pending motions **denied as moot.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 19, 2015,** as noted in the caption.

**DATED** this 1st day of June, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5